OPINION
{¶ 1} William Vandervest appeals from an order of the Common Pleas Court of Clark County, Juvenile Division, awarding permanent custody of his child, T.S., to the Clark County Department of Job and Family Services. Vandervest contends that the evidence does not support the trial court's finding that the child could not be placed with him within a *Page 2 
reasonable time. He further claims that the trial court erred with regard to its finding that the award of permanent custody to the agency was in the best interest of the child.
 {¶ 2} We conclude that there is evidence in the record upon which the trial court could determine that the child could not be placed with Vandervest within a reasonable time. We further conclude that the trial court did not err in determining that awarding custody to the agency was in the best interest of the child. Accordingly, the order of the trial court is Affirmed.
 I {¶ 3} In November of 2003, the Clark County Department of Job and Family Services (the agency) filed a Complaint for Emergency Shelter Care seeking temporary custody of T.S. and her half-sister, based upon allegations of neglect and sexual abuse within the household. At that time, the children were residing with their mother, Teresa Horrocks, and with Joseph Schlickman. Schlickman is the father of T.S.'s half-sister. In April, 2004, Horrocks and Schlickman obtained suitable housing and the children were returned to their custody.
 {¶ 4} Thereafter, on August 24, 2004, the agency filed a second complaint for emergency shelter care alleging that the children had "disclosed alleged sex abuse within the family." The children were removed from the home. In 2005, Vandervest filed a motion seeking "immediate reunification" with T.S. The agency later filed for permanent custody of the child. The matter was tried to the court in January and February of 2006. Following trial, the trial court awarded permanent custody of T.S. to the agency, finding that the child should not be returned to Vandervest and that the child's best interest mandated *Page 3 
awarding permanent custody to the agency. From the order awarding permanent custody, Vandervest appeals.
 II {¶ 5} Vandervest's First Assignment of Error is as follows:
 {¶ 6} "THE TRIAL COURT ERRED TO APPELLANT'S PREJUDICE WHEN IT FOUND THAT THERE WAS CLEAR AND CONVINCING EVIDENCE THAT THE MINOR CHILD COULD NOT BE PLACED WITH THE APPELLANT WITHIN A REASONABLE TIME OR SHOULD NOT BE PLACED WITH THE APPELLANT."
 {¶ 7} Vandervest contends that the evidence does not support the trial court's determination that T.S. could not be placed with him within a reasonable time or that she should not be placed with him.
 {¶ 8} "In a proceeding for the termination of parental rights, all of the court's findings must be supported by clear and convincing evidence." In re J.R., Montgomery App. No. 21749, 2007-Ohio-186,¶ 9, citing R.C. 2151.414(E). "The court's decision to terminate parental rights, however, will not be overturned as against the manifest weight of the evidence if the record contains competent, credible evidence by which the court could have formed a firm belief or conviction that the essential statutory elements for a termination of parental rights have been established." Id., citations omitted.
 {¶ 9} Pursuant to R.C. 2151.414(E), a court may grant permanent custody to an agency if it finds, by clear and convincing evidence, that the child cannot be placed with either parent within a reasonable period of time or should not be placed with the parent. When determining whether a child should not or cannot be placed with either of his parents *Page 4 
within a reasonable time, R.C. 2151.414(E) provides that the court shall consider all relevant evidence. If, however, the court determines by clear and convincing evidence that any one of sixteen factors listed in the statute exist, the court must find that the child cannot be placed with the parent within a reasonable time. R.C.2151.414(E).
 {¶ 10} In this case, the trial court found, in part, that the provisions of R.C. 2151.414(E)(15) mandated a grant of permanent custody to the agency. That statute provides for an award of custody to the agency when "[t]he parent has committed abuse as described in section2151.031 of the Revised Code against the child or caused or allowed the child to suffer neglect as described in section 2151.03 of the Revised Code, and the court determines that the seriousness, nature, or likelihood of recurrence of the abuse or neglect makes the child's placement with the child's parent a threat to the child's safety."
 {¶ 11} The trial court, in making this determination, found that there was evidence that both children had been sexually abused while the children were living with their mother and Schlickman, and that the mother had been convicted of sexual abuse against T.S.'s half-sister. The trial court went on to find that Vandervest was "aware of the abuse and neglect of his child [T.S.] and did nothing to prevent it. The father allowed the child to suffer neglect and abuse, covertly and overtly. The child has been sexually abused, emotionally neglected and psychologically scarred. All of this occurred during the time when the parents were the custodians * * *." The trial court further found that T.S. would be "in significant danger" and that abuse would "reoccur if the child were placed in the home of either parent."
 {¶ 12} Of particular significance to this court is evidence indicating that Vandervest would not protect T.S. from her abusers. The record contains evidence that T.S. was *Page 5 
neglected and sexually abused while residing with Horrocks and Schlickman. The evidence shows that Horrocks was convicted of sexually abusing T.S.'s half-sister and that Schlickman was under indictment for multiple counts of rape, involving other children.
 {¶ 13} Although Vandervest stated that he would abide by any court order prohibiting contact between the child, Schlickman and the mother, the record contains evidence upon which the trial court could have reasonably concluded that he was not credible. While Vandervest did not deny the fact of abuse, he repeatedly professed his belief that neither Schlickman nor the mother had been the abusers. Throughout the course of the trial, Vandervest also repeated his belief that Horrocks and Schlickman should not be denied contact with the girls. He further stated his intent to maintain contact with the mother and Schlickman. There was also evidence indicating that the adults had considered moving together to another state once Schlickman was released from jail. Further, there is evidence that Vandervest permitted Horrocks to stay in his apartment following her conviction despite knowing that housing regulations for the apartment complex specifically denied convicted sex offenders access thereto. Finally, there is evidence that Vandervest was either living with Horrocks and Schlickman, or just across the hallway from them, when the abuse took place. The evidence shows that he "co-parented" during this time. Thus, the trial court could reasonably conclude that Vandervest either knew, or should have known, about the abuse.
 {¶ 14} Additionally, the record demonstrates that Vandervest is so dependent upon his relationship with Horrocks and Schlickman, that he would tend to downplay or even ignore evidence of abuse. The evidence shows that Vandervest feels the need to be liked to the extent that he does not take any action that could damage his relationship with *Page 6 
Horrocks and Schlickman. Therefore, even though Vandervest may profess a willingness to prevent T.S. from suffering physical, emotional, or sexual abuse or physical, emotional, or mental neglect, as required by R.C. 2151.414(E), we conclude that the trial court could have reasonably concluded that he was unable to do so, which is another relevant factor. See R.C. 2151.414(E)(16).
 {¶ 15} We conclude that the trial court's findings with respect to the above-cited factors are supported by clear and convincing evidence, justifying its decision to award permanent custody to the agency. Therefore, Vandervest's First Assignment of Error is overruled.
 III {¶ 16} Vandervest's Second Assignment of Error is as follows:
 {¶ 17} "THE TRIAL COURT ERRED TO APPELLANT'S PREJUDICE WHEN IT FOUND THAT THE CHILDREN'S BEST INTERESTS WOULD BE SERVED BY A PERMANENT CUSTODY AWARD TO THE AGENCY."
 {¶ 18} Vandervest argues that the trial court's determination regarding the child's best interest is not supported by the record.
 {¶ 19} In determining the best interests of the child at a permanent custody hearing, R.C. 2151.414(D) mandates the trial court must consider all relevant factors, including, but not limited to, the following: (1) the interaction and interrelationship of the child with the child's parents, siblings, relatives, foster parents and out-of-home providers, and any other person who may significantly affect the child; (2) the wishes of the child as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity *Page 7 
of the child; (3) the custodial history of the child; and (4) the child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody.
 {¶ 20} In this case, there was evidence that the child had a history of "severe behavioral problems," including kicking, biting, hitting and excessive masturbation. However, the evidence shows that she has a very positive relationship with her foster family, and that her behavior has improved since moving in with the foster family. The evidence further shows that she does not have a strong emotional bond with Vandervest, and that her behavior worsened when she began visitations with him. Further, the evidence shows that although Vandervest diligently exercises his visitation rights, he and T.S. have limited interaction during the visits. Indeed, there is evidence that Vandervest would become so absorbed in his own activities during visitation that he would be unaware that the child had left the visitation area. Further, the child's GAL indicated that the child's interest would be best served by granting permanent custody to the agency.
 {¶ 21} Finally, the evidence demonstrates the child's need for a legally secure permanent placement. The child, who was seven at the time of the hearings, has been in the custody of the agency on two separate occasions. At the time of the hearing, she had been in foster care for approximately eighteen months. There is evidence that she will be adopted. There is also evidence that Vandervest cannot provide a safe environment for the child.
 {¶ 22} Based on the foregoing, we conclude that the trial court did not err in finding that the child's interest would be best served by granting permanent custody to the agency. Vandervest's Second Assignment of Error is overruled. *Page 8 
 IV {¶ 23} Both of Vandervest's assignments of error having been overruled, the judgment of the trial court is Affirmed.